IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT L. HARELD,

        Plaintiff,                    No. CIV S-07-2490 EFB

    vs.

MICHAEL J. ASTRUE,            <u>ORDER</u>
Commissioner of Social Security,

        Defendant.
_____/

      Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. Apparently, plaintiff alleges a closed period of disability. However, as noted below, there are inconsistencies as to what period of time was considered, whether plaintiff was disabled as of the date of onset he alleges, and if so, what date the period of disability ended. For the reasons discussed below, this matter will be remanded for further findings.

////

////

1

I. BACKGROUND

Plaintiff, born July 4, 1958, applied for Disability Insurance Benefits (insured through June 30, 2007), and Social Security Income, on May 31, 2005, alleging that he became unable to work beginning September 20, 2002. Administrative Record ("AR") 11, 48-51, 58, 168-170, 173. At the April 9, 2007 hearing before an administrative law judge ("ALJ") plaintiff testified that on September 20, 2002, while at his regular employment as a carpenter, he injured his head and lower back when he fell into a pit. AR 177. He testified that he started feeling better in February or March 2006, when he began looking for work, and that he went back to work on June 12, 2006. AR 178-179. Plaintiff testified at length about his symptoms of lower back pain, radiculopathy, and headaches, and his treatment for these symptoms. AR 177-193. He also testified that he had successfully pursued a Workers' Compensation claim. AR 178.

The ALJ issued a decision on May 15, 2007, finding that plaintiff was not disabled.[1] AR

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

2

8, 11-19. The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2007.
>
> 2. The claimant has not engaged in substantial gainful activity since September 20, 2002, the alleged onset date until March 2006 (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).
>
> 3. The claimant has the following severe impairments: chronic low back pain with radiculopathy (20 CFR 494.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work with occasional alternating between sitting and standing and with no frequent bending and stooping.
>
> 6. The claimant was unable to perform his past relevant work until June 2006 (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on July 4, 1958 and was 44 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963). He is now 48 years of age.
>
> 8. The claimant has a limited 11th grade education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from September 20, 2022 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

---

*Lester v. Chater,* 81 F.3d 821, 828, n. 5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Bowen*, 482 U.S. at 146, n. 5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

3

| | |
|---|---|
| 1 | 12. The claimant returned to work in June 2006. The undersigned finds the work to be substantial gainful activity, and it is indicative of his ability to work. |
| 2 | |

AR 13-19.

On September 20, 2007, the Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. AR 3-5.

## II. ISSUES PRESENTED

Plaintiff contends that the ALJ (1) improperly rejected the opinion of plaintiff's treating physician, (2) failed to give clear and convincing reasons for discrediting plaintiff's testimony of pain and functional restrictions, and (3) improperly applied the Medical-Vocational Guidelines rather than obtaining the testimony of a vocational expert.

The court does not reach these issues because this case must be remanded for determination of the appropriate closed period for this court's review, and assessment of plaintiff's alleged disability for that period.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

////

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

IV. DISCUSSION

Plaintiff alleged an onset of disability beginning September 20, 2002. He continued to meet the insured status requirement through June 20, 2007. The ALJ concluded that plaintiff was not under a disability "from February 24, 2004 through the date of this decision."[2] AR 11. This appears to leave unresolved the question of whether plaintiff is entitled to a closed period of disability beginning on September 20, 2002, and ending February 24, 2004. Several inconsistencies beset the ALJ's decision, both internally and based upon the court's review of the record. Most significant is the ALJ's threshold assessment that – because plaintiff was found "permanent and stationary" for purposes of Workers' Compensation[3] on February 24, 2004 – "it can be argued the claimant was disabled until February 24, 2004." AR 13. The ALJ decision points out that this date "was more than 1 year before the filing of the claimant's application for disability," *id.*,[4] the ALJ considered minimal medical evidence prior to that date, and concluded

---

[2] The decision itself is undated. AR 19. It appears that it was issued on May 15, 2007. AR 8.

[3] While the terms "permanent and stationary" as utilized under the Worker's Compensation program might have some relevance here, that relevance is unclear. It is, however, well established that the Social Security Act's disability system is based upon entirely different measures than the California Workers' Compensation system. *See, e.g., Desrosiers v. Secretary of Health & Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).

[4] The significance of the one year is not explained. Presumably the reference is to possible retroactive benefits if plaintiff were found disabled. A qualified claimant who was disabled before applying for benefits is entitled to retroactive Title II disability payments only for the twelve-month period preceding the date the application was filed, not before. *See, e.g.*, 20 C.F.R. § 404.621(a)(1) ("you may receive benefits for up to 12 months immediately before the month in which your application is filed"). There is also a waiting period which makes the 6

5

broadly (and inconsistently) that "[t]he claimant has *not* been under a disability . . . from September 20, 2002 through the date of this decision," AR 19 (emphasis added). In other words, the decision concludes both that the claimant was "arguably disabled" from September 20, 2002 to February 24, 2004, but also that he was "not disabled" during this period. Moreover, the decision concludes that plaintiff did not engage in substantial gainful activity "since September 20, 2002, the alleged onset date until March 2006," AR 13, yet the record indicates that plaintiff may have returned to work, on a limited basis, until June 20, 2003. AR 58. Neither party addresses the discrepancy.

Further complicating the matter, the Commissioner now asserts that the relevant period for this court's review is "September 20, 2002, until the ALJ's decision date of May 15, 2007," Def.'s Mem., at p. 2, fn. 1, while plaintiff asserts it is "June 9, 2004 (1 year prior to date of application) through June 2006, when [plaintiff] felt strong enough to look for work, Pl.'s Mem., at p. 5, fn. 1 (*but see, id.*, p. 6, fn. 2 (stating that the closed period is "2004 through February 2006")).

The court cannot undertake appropriate review of the ALJ's decision absent resolution of these inconsistences. The Commissioner must consider the relevant evidence and make findings as to whether plaintiff was disabled as of the date that he alleges, and if so, whether he continued to be disabled. If the Commissioner finds that the plaintiff was disabled at some point on or after the alleged onset date, but that the disability ended, the Commissioner must determine when it

---

months prior to that 12 month period relevant, as well. Thus, for Title II purposes, where an onset date is alleged prior to the date of the application, the medical evidence must be developed for any period of disability alleged within the 18 months prior to the date of the application. However, the allegation of an onset date before that 18 month period of time cannot simply be ignored. The Commissioner's assessment of plaintiff's disability allegations and the precise dates as to the onset of disability, what evidence was considered to evaluate that alleged onset date, and when plaintiff ultimately returned to substantial gainful work activity has important implications as to whether plaintiff is entitled to a closed period of disability and wage freeze which would affect the calculation of plaintiff's benefits upon retirement, or for another period of disability. *See, e.g.*, 20 C.F.R. § 404.250 ("special rules apply"). Thus, the Commissioner must develop the record and make findings as to the period of time that the plaintiff alleges that he was disabled.

ended and make specific findings in that regard and determine whether the plaintiff is entitled to a closed period of disability. Accordingly, the court will remand this case for determination of these issues.

## V. CONCLUSION

For the foregoing reasons, this matter is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross motion for summary judgment is denied; and,

3. Plaintiff's motion for remand is granted, and this matter is remanded for further proceedings consistent with this order.

IT IS SO ORDERED.

DATED: March 25, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE