IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT L. HARELD,

   Plaintiff,         No. CIV S-07-2490 EFB

  vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

   Defendants.        ORDER
_____/

  Plaintiff moves for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). As amended, plaintiff seeks an award of $5,120.23, for a total of 32.1 hours of work, based on the following division of hours and rates: 2.1 hours at $166.46 per hour (2007 rates), and 27.6 hours at $172.85 per hour (2008 rates).[1] Defendant contends that no attorney fees should be paid because the Commissioner's position was "substantially

---

[1] EAJA rates are based on a threshold of $125 per hour, plus cost-of-living adjustments. *See* 28 U.S.C. § 2412(d)(2)(A)(ii); *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir.2001); *Thangaraja v. Gonzales*, 428 F.3d 870, 876-877 (9th Cir. 2005). Plaintiff's request conforms with the annual statutory maximum hourly rates for EAJA awards published by the Ninth Circuit. *See* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.
  Plaintiff's counsel has included in her 2008 request two hours of work performed in 2009. *See* Billing Record, Dckt. No. 20-3, at p. 1. In her Reply, plaintiff's counsel notes a correction in her billing record, requiring a reduction of 2.4 hours in the number originally indicated for 2008. *See* Reply, at p. 3, n. 1. The above-noted request reflects these adjustments.

1

justified," or, alternatively, that the number of hours requested is excessive and an EAJA award should not be made in excess of $3,806.56.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Flores v. Shalala*, 49 F.3d 562, 568-69 (9th Cir. 1995). An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. §405(g), as here, is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 301-302 (1993). The burden of establishing substantial justification is on the government. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). The Supreme Court has defined "substantial justification" as "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person. . . . no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit . . . . " *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). Thus, "a position can be justified even though it is not correct, and . . . can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.,* 487 U.S. at 566, n. 2." *See also, Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002); *Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008).

"The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." *Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996) (citing *Flores v. Shalala*, 49 F.3d at 570). Consideration of these matters "focus[es] on the reasonableness of the Commissioner's position in the remand proceedings instead of the reasonableness of the Commissioner's position in the full range of proceedings related to the disability determination." *Lewis v. Barnhart,* 281 F.3d at 1085.

In the instant case, this court never reached the substantive issues relative to plaintiff's alleged disability. Instead, the court noted several inconsistencies in the ALJ's decision as to the

period at issue, and remanded the case for resolution of this matter, before again addressing the substance of plaintiff's contentions. This court found in pertinent part:

> Plaintiff alleged an onset of disability beginning September 20, 2002. He continued to meet the insured status requirement through June 20, 2007. The ALJ concluded that plaintiff was not under a disability "from February 24, 2004 through the date of this decision." AR 11. This appears to leave unresolved the question of whether plaintiff is entitled to a closed period of disability beginning on September 20, 2002, and ending February 24, 2004. Several inconsistencies beset the ALJ's decision, both internally and based upon the court's review of the record. Most significant is the ALJ's threshold assessment that – because plaintiff was found "permanent and stationary" for purposes of Workers' Compensation on February 24, 2004 – "it can be argued the claimant was disabled until February 24, 2004." AR 13. The ALJ decision points out that this date "was more than 1 year before the filing of the claimant's application for disability," id., the ALJ considered minimal medical evidence prior to that date, and concluded broadly (and inconsistently) that "[t]he claimant has not been under a disability . . . from September 20, 2002 through the date of this decision," AR 19 (emphasis added). In other words, the decision concludes both that the claimant was "arguably disabled" from September 20, 2002 to February 24, 2004, but also that he was "not disabled" during this period. Moreover, the decision concludes that plaintiff did not engage in substantial gainful activity "since September 20, 2002, the alleged onset date until March 2006," AR 13, yet the record indicates that plaintiff may have returned to work, on a limited basis, until June 20, 2003. AR 58. Neither party addresses the discrepancy.
>
> Further complicating the matter, the Commissioner now asserts that the relevant period for this court's review is "September 20, 2002, until the ALJ's decision date of May 15, 2007," Def.'s Mem., at p. 2, fn. 1, while plaintiff asserts it is "June 9, 2004 (1 year prior to date of application) through June 2006, when [plaintiff] felt strong enough to look for work, Pl.'s Mem.,at p. 5, fn. 1 (but see, id., p. 6, fn. 2 (stating that the closed period is "2004 through February 2006")).
>
> The court cannot undertake appropriate review of the ALJ's decision absent resolution of these inconsistences. The Commissioner must consider the relevant evidence and make findings as to whether plaintiff was disabled as of the date that he alleges, and if so, whether he continued to be disabled. If the Commissioner finds that the plaintiff was disabled at some point on or after the alleged onset date, but that the disability ended, the Commissioner must determine when it ended and make specific findings in that regard and determine whether the plaintiff is entitled to a closed period of disability. Accordingly, the court will remand this case for determination of these issues.

Dckt. No. 18, at pp. 5-7 (fns. omitted).

The Commissioner argues, "[b]ecause this Court remanded on an issue that Plaintiff did not even raise, the Commissioner necessarily was substantially justified in defending the ALJ's decision." Dckt. No. 22, at p. 3. Plaintiff responds, "[t]he Court specifically found that the ALJ

3

had failed to properly determine Mr. Hareld's onset date and whether he was entitled to a closed period of disability, [and therefore that] [t]he ALJ failed to follow Social Security's own rules and regulations in making this determination.  Consequently, the Commissioner's position was not substantially justified." Dckt. No. 23, at p. 3.

As explained by the court, the ALJ failed to identify the closed period at issue, and his decision was both internally inconsistent and inconsistent with the record.  These fundamental problems should have been identified by the Commissioner and resolved before the case proceeded in this court, and before the Commissioner decided to defend the ALJ's findings. Moreover, since the court was unable to reach the substance of either parties' position regarding plaintiff's alleged disability, it cannot be said that the Commissioner's position was substantially justified.

The Commissioner argues, alternatively, that plaintiff's fee request is excessive, and that plaintiff should be awarded no more than $3,806.56, for a total of 22.1 hours work.

The EAJA expressly provides for an award of "reasonable" attorney fees.  28 U.S.C. § 2412(d)(2)A).  "A district court has wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers, but it must provide enough of an explanation to allow for meaningful review of the fee award." *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001).  Factors to be considered include whether the hours claimed are adequately documented, without evidencing "duplicative efforts" or "excessive staffing," and whether the hours were "reasonably expended" in light of the outcome of the action, that is, whether hours claimed improperly include time "expended on unrelated, unsuccessful claims."[2] *Id.* at 1146-1147.

////

////

---

[2] However, as recognized by the Supreme Court, "there is no certain method of determining when claims are 'related' or 'unrelated;'" rather, it is the responsibility of counsel to "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 437, n. 12 and related text (1983).

4

1  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request
2  hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S.
3  424, 434 (1983).

4     The Commissioner seeks a reduction of 10 hours in plaintiff's original fee request.
5  Challenged are the 6 hours originally requested by plaintiff's counsel for reviewing the 196-page
6  administrative record (*see* Billing Record, Dckt. No. 20-3, at p. 1, Entry dated 6/3/08), and 8.75
7  hours for drafting a 4-page statement of the medical evidence and 2-page statement of the
8  hearing testimony (*id*., Entry dated 6/4/08).  *See* Def.'s Opp'n, Dckt. No. 22, at p. 4.  Plaintiff
9  has conceded that the requested hours for reviewing the record should be "3.6" instead of "6," a
10 reduction of 2.4 hours from her initial request.  *See* n. 1, supra.  In addition to the challenged
11 8.75 hours in preparing plaintiff's brief, counsel lists another 12.75 hours for completion of the
12 brief, for a total of 25.1 hours in preparing the brief.  *See* Billing Record, Dckt. No. 20-3, at p. 1
13 (Entries dated 6/5/08 and 6/6/08).

14     For reasons similar to those underlying this court's finding that the Commissioner's
15 position was not substantially justified, the court finds that plaintiff's briefing was not significant
16 in the court's decision.  Neither plaintiff's counsel nor the Commissioner identified or sought to
17 clarify the threshold problems with the ALJ's decision, and this court never reached the
18 substance of plaintiff's briefing.  The Commissioner's agreement to a fee award of $3,806.56,
19 fairly reflects the extent to which plaintiff's request for judicial review resulted in a remand of
20 this case for further decision-making by the Commissioner.  The court concludes that such award
21 is more than adequate under these circumstances.

22     Accordingly, IT IS HEREBY ORDERED that:

23     1.  Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice
24 Act (EAJA), 28 U.S.C. § 2412(d)(1) (Dckt. No. 20), is GRANTED;

25     2.  Plaintiff shall be awarded $3,806.56; and

26 ////

1     3. Said award shall be made payable to plaintiff's counsel, pursuant to the agreement
2  between plaintiff and her attorney.
3     SO ORDERED.
4  DATED: November 13, 2009.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE